UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYNETTE MARY ALICE BUNYAN,

     Appellant,

v.                                                        Case No: 8:18-cv-1519-T-36
                                     Bankruptcy Case No.: 8:18-bk-1250-RCT

KELLY REMICK,

     Appellee.

_____/

## __OPINION__

     Raynette Mary Alice Bunyan ("Appellant"), proceeding *pro se,* appeals the Bankruptcy Court's Order Granting Trustee's Motion to Dismiss (Doc. 41) With A One Hundred and Eighty (180) Day Bar as to Re-Filing in favor of Kelly Remick, Chapter 13 Trustee ("Appellee") (Doc. 1). The Bankruptcy Court found that Appellant did not comply with the Court's Administrative Order, dismissed the Chapter 13 bankruptcy petition with prejudice; and prohibited Appellant from filing another Chapter 13 case for 180 days. Doc. 6-2. Appellant filed her brief. Doc. 10. Appellee filed her answer brief (Doc. 11). Although requesting additional time to file a reply brief, which the Court granted, Appellant did not file a reply brief. *See* Docs. 15, 16, 17, 18, 19, 21.

     Upon due consideration of the record, the parties' submissions, and otherwise being fully advised of the premises, the Court concludes that the Bankruptcy Court's Order Granting Trustee's Motion to Dismiss (Doc. 41) With A One Hundred and Eighty (180) Day Bar as to Re-Filing should be affirmed.

## I.    Background

On February 21, 2018, Appellant filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code. Doc. 6-3 at 2. The same day the Bankruptcy Court issued a Notice of Deficient Filing because Appellant did not include the Summary of Assets, Schedules A-J, Statements of Financial Affairs, Creditors Matrix, Chapter 13 Plan, and Statement of Current Monthly Income. Doc. 6-3 at 2 (BR 5)[1]. The Bankruptcy Court entered a Fourth Amended Administrative Order FLMB-2017-3 Prescribing Procedures for Chapter 13 Cases. *Id*. (BR 6). Additionally, Appellant did not sign the Statement of Social Security, and the Bankruptcy Court entered an amended Notice of Deficient Filing. *Id*. at 3 (BR 11).

On March 6, 2018, Appellant filed her Summary of Assets, Schedules A-J, Statement of Financial Affairs, Chapter 13 Plan, Chapter 13 Statement of Current Monthly Income, Statement of Intentions, and Chapter 7 Statement of Current Monthly Income. *Id*. at 3  (BR 13, 14).  But several days later, the Court dismissed Appellant's Chapter 13 Petition because she did not properly sign her Statement of Social Security. *Id*. at 4 (BR 19).  It also struck her Amended Plan. *Id*. (BR 20).  Appellant filed a motion for reconsideration which the Bankruptcy Court granted, after Appellant fixed the deficiencies.  *Id*. at 5-6 (BR 23-31).

Although a § 341 meeting of creditors was scheduled for March 27, 2018, *id*. at 2 (BR 4), Appellant did not comply with the Bankruptcy Court's Administrative Order, *id*. (BR 6). She did not file a plan in accordance with the Court's Model Plan. *See id*. at 3 (BR 13, 18). She also had six prior bankruptcy cases all dismissed within seven months of filing. *Id*. at 2-3.[2]  And she did not obtain credit counseling *prior* to filing her case. *Id*. at 4-5 (BR 15, 23).

_____

[1] "BR" references the Bankruptcy Court's docket entry number.
[2] BR number omitted due to unnumbered docket entry by the Bankruptcy Court on February 22, 2018.

Appellee filed a Motion to Dismiss with Prejudice which outlined all of the Chapter 13 petition's deficiencies; and on May 23, 2018, the Court heard the motion. Doc. 21 (BR 46). Counsel for the Trustee and counsel for Creditor, US Bank, were present at the hearing. *Id*. Appellant was absent from the hearing. *Id*. The Bankruptcy Court entered the Order Dismissing Case with Injunction Period of 180 days on May 29, 2018. Doc. 6-1 (BR 47). On June 6, 2018, Appellant filed her Notice of Appeal. Doc. 1 (BR 49).

## II. Standard of Review

The district court functions as an appellate court in reviewing decisions of the bankruptcy court. *See In re Colortex Indus., Inc.*, 19 F.3d 1371, 1374 (11th Cir. 1994). Legal conclusions of the bankruptcy court are reviewed *de novo*, and findings of fact are reviewed for clear error. *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009). "A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Morrissette-Brown v. Mobile Infirmary Med. Ctr.*, 506 F.3d 1317, 1319 (11th Cir. 2007) (citations and quotation marks omitted).

Whether a Chapter 13 case has been properly dismissed with prejudice is a finding of fact reviewable under the clearly erroneous standard. *See Orcutt v. Crawford,* 8:10-CV-1925-T-17, 2011 WL 4382479, at *1 (M.D. Fla. Sept. 20, 2011) (citing *In Re Saylors*, 869 F.2d 1434, 1438 (11th Cir. 1989). The burden of showing clear error falls on the party seeking to overturn a bankruptcy court's finding. *See In re Caribbean K Line, Ltd.*, 288 B.R. 908, 911 (S.D. Fla. 2002).

And dismissals "for cause" are reviewed for abuse of discretion. *In re Piazza*, 719 F.3d 1253, 1271 (11th Cir. 2013). That standard allows for a "range of choice for the [bankruptcy]

court, so long as that choice does not constitute a clear error of judgment." *In re Rasbury*, 24 F.3d 159, 168 (11th Cir. 1994).

## III. Discussion

In her brief, Appellant states that she did not know that the Bankruptcy Court lifted her automatic stay. Doc. 10 at 2. Had she known, she contends that she would have requested reinstatement. She argues that Wells Fargo misled her by "pretending [that] the automatic stay was still in [effect]." *Id*. She believes that the Bankruptcy Court would have reinstated the automatic stay if she so moved. *Id*. at 3. She also contends that she completed her debtor's education classes but did not have an opportunity to meet with the creditors at any time. *Id*. She asks that this Court send the case back to the Bankruptcy Court to reinstate her petition on the basis of equity. *Id*.

Appellee argues that based on the Bankruptcy Court's record on appeal, there is no evidence that the Bankruptcy Court committed clear error when it dismissed the case. Appellee contends that Appellant is a serial filer and received multiple opportunities to obtain bankruptcy protection and to correct errors in the underlying petition. Combined with her failure to appear at the hearing and defend her shortcomings, Appellee argues the Bankruptcy Court exercised its authority to dismiss the petition for failure to abide by the Bankruptcy Court's Order under 11 U.S.C. §109(h)(1). Doc. 11 at 6. And it had authority to do so with prejudice based on bad faith under 11 U.S.C §349(a). *Id*. at 7. Thus, Appellee argues that the Bankruptcy Court did not abuse its discretion. *Id*.

### a. Record on Appeal

Bankruptcy Rule of Procedure 8009 provides that Appellant must file with the bankruptcy clerk a designation of the items to be included in the record on appeal and statement of issues to

be presented. Fed. R. Bankr. P. 8009 (a)(1)(A). Further, it provides that the record on appeal must

include:

> • docket entries kept by the bankruptcy clerk;
> • items designated by the parties;
> • the notice of appeal;
> • the judgment, order, or decree being appealed;
> • any order granting leave to appeal;
> • any certification required for a direct appeal to the court of appeals;
> • any opinion, findings of fact, and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings;
> • any transcript ordered under subdivision (b);
> • any statement required by subdivision (c); and
> • any additional items from the record that the court where the appeal is pending orders.

*Id*. at 8009 (a)(4).

It is also Appellant's duty to order a transcript of the proceedings or file a certificate of not ordering a transcript. *Id*. at 8009 (b). To challenge a finding or conclusion as unsupported by or contrary to the evidence, Appellant must designate in the transcript any relevant testimony or exhibits as a part of the record on appeal. Fed. R. Bankr. P. 8009(b)(5).

Appellant fell short of providing the district court with a complete record of the Bankruptcy Court's decisions. She provided very little by way of copies of the Certificate of Debtor Education, and the Motion which the appealed order granted. She did not provide the transcripts of the hearing on the Motion so that the Court could properly evaluate the Bankruptcy Court's reasoning for granting the Motion. The Bankruptcy Court's Order and the Motion both contain limited facts, reasoning, and analysis. Thus, the Court cannot determine what, if anything, supports Appellant's arguments as to the Bankruptcy Court's alleged error or abuse of discretion.

Although *pro se* litigants' pleadings are construed liberally, they must nonetheless conform to procedural rules, including the requirement that an appellant provide relevant transcripts for the

record on appeal. *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002); *In re Kunsman*, 752 Fed. Appx. 938, 941 (11th Cir. 2018), *cert. denied sub nom. Kunsman v. Wall*, 18-8465, 2019 WL 1280711 (U.S. May 20, 2019).

### b. Bad Faith

Good faith is an implicit requirement when filing for bankruptcy protection. *See Shell Oil Co. v. Waldron (In re Waldron),* 785 F.2d 936, 941 (11th Cir. 1986). Individuals have no constitutional right to a bankruptcy discharge. *U.S. v. Kras,* 409 U.S. 434, 445 (1973).

The bankruptcy laws are "intended to give a 'fresh start' to the 'honest but unfortunate debtor.' " *Marrama v. Citizens Bank of Mass.,* 549 U.S. 365 (2007) (citation omitted). It is not intended to allow individuals to obtain a "head start" which constitutes abuse. *In re Ricci*, 456 B.R. 89, 101 (Bankr. M.D. Fla. 2009). Bankruptcy courts evaluate bad faith on a case by case basis through the analysis of circumstantial factors considered to be indicia of bad faith. *Id.*

Bankruptcy Code § 1325(a)(7) requires that a debtor's act of filing her petition be made in good faith. 11 U.S.C. § 1325(a)(7). Further, Bankruptcy Code § 1307(c) permits the court to dismiss a case "for cause." 11 U.S.C. § 1307(c). Courts interpret "cause" to include a lack of good faith when filing the bankruptcy petition. *In re Farber,* 355 B.R. 362, 366 (Bankr. S.D. Fla. 2006). Ultimately, a bankruptcy court has discretion as to whether to dismiss a chapter 13 case under § 1307(c). *In re Buis*, 337 B.R. 243, 253 (Bankr. N.D. Fla. 2006).

Courts apply a "totality of the circumstances test" when determining whether a debtor has acted in bad faith. *In re McGovern,* 297 B.R. 650, 655–56 (S.D. Fla. 2003) ("[T]he filing of a chapter 13 petition in bad faith may constitute cause for dismissal under 11 U.S.C. § 1307(c)").

Courts review several factors[3] as articulated in *In re Kitchens*, 702 F.2d 885, 888 (11th Cir. 1983), in making the determination that a petition was filed in good faith. *See In re Brown*, 742 F.3d 1309, 1317 (11th Cir. 2014) ("These same *Kitchens* factors for subsection (a)(3) are equally relevant to determining whether a petition was filed in good faith under subsection (a)(7).").

A court may consider several additional factors when determining whether to dismiss a debtor's bankruptcy for bad faith. These include "the nature of debt, ... the timing of the petition; how the debt arose and the debtor's motive in filing the bankruptcy petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the [d]ebtor had been forthcoming with the bankruptcy court and creditors." *In re Graffy*, 216 B.R. 888, 891 (Bankr. M.D. Fla. 1998).

Here, under both the *Kitchens* and *Graffy* factors, Appellant's pre-petition and post-petition acts, set out above, are sufficient to constitute bad faith for the purposes of considering whether there was good cause to dismiss Appellant's bankruptcy case. Appellant did not complete the debtor education *prior* to filing the petition and her filings fell short of that required to complete her Chapter 13 Petition. Further, her schedules and filings were rife with omissions. *See In re*

---

[3] The totality of the circumstances approach once included 11 non-exclusive factors: "(1) the amount of the debtor's income from all sources; (2) the living expenses of the debtor and his dependents; (3) the amount of attorney's fees; (4) the probable or expected duration of the debtor's Chapter 13 plan; (5) the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13; (6) the debtor's degree of effort; (7) the debtor's ability to earn and the likelihood of fluctuation in his earnings; (8) special circumstances such as inordinate medical expense; (9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors; (10) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors; (11) the burden which the plan's administration would place on the trustee." *In re Kitchens*, 702 F.2d at 888. Over time, explicit code provisions have overridden some of *Kitchens'* factors particularly when examining the good faith of the proposed plan. *See In re McGovern*, 297 B.R. at 656–59; *In re Shelton*, 370 B.R. 861, 866 (Bankr. N.D. Ga. 2007) (citing *Keach v. Boyajian*, 243 B.R. 851, 867–68 (1st Cir. BAP 2000)); *In re Johnson*, 346 B.R. 256, 263 (Bankr. S.D. Ga. 2006).

*Chung*, 13-15338-JKO, 2014 WL 11279465, at *1 (Bankr. S.D. Fla. Jan. 7, 2014) (holding that debtor's pre-petition and post-petition bad acts constituted bad faith deserving of dismissal with an extended prejudice period).

The Bankruptcy Court gave Appellant several chances to correct the omissions and deficiencies, even going so far as reinstating her petition after the initial dismissal. *See* Doc. 6-3 at 5 (BR 26). But Appellant continued to fall short. And she did not appear for the hearing on the Appellee's Motion to Dismiss which gave her one last opportunity to explain and correct the deficiencies. Given her multiple previous petitions, the Bankruptcy Court did not commit clear error by dismissing the case.

### c. Failure to Abide by the Bankruptcy Court's Orders

Bankruptcy courts have the power to dismiss a case if individuals are not eligible to be debtors under Chapter 13 because of failure to meet the requirements of subsections 109(a), (e), (g) or (h) of the Bankruptcy Code. *In re Mullinix*, 597 B.R. 161, 163 (Bankr. N.D. Fla. 2018).

Subsection 109(g)(1) provides:

> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
>
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case.

11 U.S.C.§ 109(g) (2016).

Under this section, "willful" means "deliberate or intentional." *In re Mullinix*, 597 B.R. at 164. The Bankruptcy Court must permit the debtor to present evidence that her failure to act was not deliberate or intentional. *Id*. Bankruptcy courts have examined this issue and determined several guidelines. One case noted that failure to appear at creditor's meetings or hearings alone

are insufficient to justify a finding of willful conduct. *In re Huckeba*, 05-17339-WHD, 2006 WL

6589886, at *3 (Bankr. N.D. Ga. Sept. 9, 2006).  Another noted

> [R]epeated failure to appear or lack of diligence is evidence that the
> debtor's conduct is willful. Repeated conduct strengthens the
> inference that the conduct was deliberate... the court will infer from
> a pattern of dismissals and re-filing in unchanged circumstances
> willful failure to abide by orders of the court and an abuse of the
> bankruptcy process which this amendment was designed to prevent.

*In re Walker*, 231 B.R. 343, 348 (Bankr. N.D. Cal. 1999).

The Court in *Mullinix* noted three bases for determining that a debtor acted willfully for

purposes of section 109(g)(1): "(1) the debtor's admission of willful conduct; (2) the debtor's lack

of credibility in denying willful conduct; or (3) adverse inferences drawn from the circumstances

that indicate that repeated filings were intended as an abuse of the Bankruptcy Code." 597 B.R.

164  (quoting *In re Arena*, 81 B.R. 851, 853 (Bankr. E.D. Pa. 1988)).

Here, Appellant argues that she "did everything the [Bankruptcy] Court" asked her to do,

completed the debtor's education classes, and did not receive an opportunity to meet with the

creditors at any time. Doc. 3 at 3. In a separate filing, she asserts that all of the Trustee's statements

are untrue, she followed all of the Bankruptcy Court's Orders, and she has a debtor certificate from

March 7, 2018[4] at 7:56 pm evidencing that she completed credit counseling. Doc. 17[5] at 20-3.  She

later asserted that she attended every meeting and went to the § 341 Creditor's Meeting and was

called last every time. She contends she sent in money orders for the payments, she completed the

credit counseling, the Bankruptcy Court and Wells Fargo claimed to never receive her paperwork,

---

[4] The Bankruptcy Court docket reflects the receipt of the Certificate of Debtor Education. Doc.
6-3 at 4 (BR 15). But Appellant should have completed it before filing the Petition.
[5] Appellant's Motion for Leave to File Reply to Answer Brief. The Court granted that motion.
Doc. 18.  Then Appellant filed another Motion for Leave to File Reply to Answer Brief. Doc. 19.
The Court also granted that Motion. Doc. 20. No reply brief was filed.

and she did not get a chance to receive a loan modification. Doc. 19. And she asserts that her *pro se* status makes it difficult to complete the bankruptcy requirements. *Id.*

Ultimately, Appellant did not comply with the Court's Administrative Order, to file a proper Summary of Assets, Schedules A-J, Statement of Financial Affairs, Creditors Matrix, Chapter 13 Plan, and Statement of Current Monthly Income. Prior to filing the Chapter 13 petition, she also did not obtain the credit counseling as required pursuant to 11 U.S.C. §109(h)(1).[6] Her failure to appear at the hearing and repeated deficient filings combined with her prior bankruptcy cases create a reasonable inference that her noncompliance was willful. *Accord In re Bertelt*, 250 B.R. 739, 750 (Bankr. M.D. Fla. 2000) (dismissing Chapter 13 case with prejudice for 180-day period because debtor lacked sincere effort to repay federal tax debt in repeated filings).

### d. 180-Day Prejudice Period

Under § 105 and § 349 of the Bankruptcy Code, where "cause" exists, a court may extend the prejudice period beyond the 180-day period specified in § 109(g). *In re Chung,* 2014 WL 11279465, at *10 (citing *In re Casse*, 198 F.3d 327, 337–38 (2d Cir. 1999)) ("Indeed, in all circuits but the Tenth, bankruptcy courts and district courts invariably derive from § 105(a) or § 349(a) of

---

[6] The Bankruptcy Code provides that "an individual may not be a debtor under this title unless" she has, during the 180-day period ending on the date the petition was filed, received from an approved provider a briefing that outlines the opportunities for available credit counseling and assistance. 11 U.S.C. § 109(h)(1) (referencing 11 U.S.C. § 111(a)'s criteria for approved providers). Although the Eleventh Circuit has not addressed the consequences of failing to fulfill this requirement in a published opinion, it recognized that "the Sixth Circuit Bankruptcy Appellate Panel has persuasively held that a putative debtor who fails to complete this requirement prior to filing a petition is not a debtor, and that the case is subject to dismissal." *In re Echeverry*, 720 Fed. Appx. at 601, n. 1 (citing *In re Ramey*, 558 B.R. 160, 163-64 (6th Cir. B.A.P. 2016)). The statue provides only two exceptions to this requirement: (1) where the debtor, due to incapacity, disability, or active military duty, is unable to complete the requirement, or (2) where the debtor describes exigent circumstances that merit a waiver of the requirement, and states that she requested credit counseling services but was unable to obtain them within seven days of the request. 11 U.S.C. § 109(h)(3), (4).

the Code, or from both sections in some cases, the power to sanction bad-faith serial filers ... by prohibiting further bankruptcy filings for longer periods of time than the 180 days specified by § 109(g).").  Although the Bankruptcy Code does not specifically define "cause," courts generally consider "cause" under § 349(a) to include "bad faith or lack of good faith." *Id.* (*quoting In re Singer*, No. 00–08620–6B3, 2001 WL 1825791 at 2 (Bankr. M.D. Fla. 2001)).

Here, the Bankruptcy Court granted the motion to dismiss with prejudice and provided for the 180-day bar to refiling a petition permitted in § 109(g). The record is sufficient for the Court to conclude that Appellant did not comply with the Bankruptcy Court's orders. Thus, under the facts and circumstances above, the 180-day bar to filing is appropriate. *See In re Bertelt*, 250 B.R. 739, 750 (Bankr. M.D. Fla. 2000) (dismissing Chapter 13 case with prejudice and 180-day extended prejudice period for making specious arguments to avoid tax liability and ultimately misusing the bankruptcy process).

## IV. Conclusion

The record evidence makes it clear that Appellant did not abide by the Bankruptcy Court's Administrative Order; did not file a Plan in the correct form and has filed numerous prior bankruptcy petitions which were dismissed. And she did not appear for the hearing on the Appellee's Motion to Dismiss. Thus, the Bankruptcy Court neither committed clear error nor abused its discretion in dismissing the case for cause and otherwise correctly carried out this undertaking, while also correctly applying the law to those facts.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.  The Bankruptcy Court's Order Granting Trustee's Motion to Dismiss (Doc. 41) With A One Hundred and Eighty (180) Day Bar as to Re-Filing in favor of Kelly Remick, Chapter 13 Trustee ("Appellee") is **AFFIRMED**.

2.    The Clerk is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida on October 1, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any